IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            Case No.  10-10172-JWB

VICENTE RODRIGUEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Vicente Rodriguez's motion for appointment of counsel.  (Doc. 51.)  Defendant seeks counsel to assist him in filing a motion for compassionate release.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Now, a defendant may file his own motion if certain conditions have been met. Although Defendant states that there are extraordinary circumstances that would allow relief under the statute, Defendant has not explained what he "believe[s] to be extraordinary and compelling circumstances."  (Doc. 51 at 2.)  Rather, Defendant states that he needs assistance to present his motion.  Defendant states that he has presented his request to the warden but does not state whether the warden has ruled on his request or how much time has passed since making the request.  In order to consider a motion for compassionate release, Defendant must first exhaust his administrative remedies.  *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) ("Courts may not modify an inmate's sentence under § 3582(c)(1)(A) unless (1) the BOP has made a motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and has either (a) 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring

1

a motion on the [inmate]'s behalf' or (b) thirty days have passed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate.") (citing § 3582(c)(1)(A)). Defendant's motion does not provide enough information for the court to ascertain whether his administrative remedies have been exhausted.

Importantly, Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). Although there is no right to counsel in the filing of these motions, District of Kansas Standing Order 19-1 allows the appointment of the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD will review the merits of the motion and has fifteen days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on the COVID-19 pandemic.

Therefore, Defendant's motion for counsel to assist with the filing of a compassionate release motion is DENIED, without prejudice. The clerk is instructed to send Defendant the applicable form ("Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) - Compassionate Release") so that Defendant may file a pro se motion for compassionate release. IT IS SO ORDERED. Dated this 14th day of June, 2021.

                                                                 s/ John W. Broomes
                                                                 JOHN W. BROOMES
                                                                 UNITED STATES DISTRICT JUDGE