IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 08-10106-15-JWB
                                                                                                                                                 & No. 10-10172-JWB[1]

VICENTE RODRIGUEZ,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant has submitted a letter asking for the appointment of a lawyer to help him prepare a request for compassionate release. (Doc. 992.) For the reasons that follow, the court DENIES the request without prejudice.

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). At this point, Defendant has not shown that his arguments for a sentence reduction are such that he cannot adequately present them without the help of appointed counsel. Nevertheless, District of Kansas Standing Order 19-1 allows the appointment of the Federal Public

---

[1] The instant motion for appointment of counsel referred only to Case No. 08-10106-15, and it was accordingly filed by the clerk in that case. It appears Defendant has completed his sentence in that case, however, while he is still serving a sentence in Case No. 10-10172-JWB. Under the circumstances the court will direct that the order be filed in both cases. The court previously denied a motion for appointment of counsel in Case No. 10-10172-JWB and explained to Defendant that he should first file any motion for compassionate release he intends to file, and the Federal Public Defender will then determine whether to enter an appearance on his behalf.

Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD will review the merits of a motion for compassionate release <u>once it is filed</u> and has fifteen days thereafter to notify the court whether it intends to enter an appearance on behalf of a pro se individual filing a compassionate release motion.

Accordingly, Defendant's motion for appointment of counsel (Doc. 992) to assist with the filing of a compassionate release motion is DENIED, without prejudice. The clerk is instructed to send Defendant the applicable form ("Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) - Compassionate Release") so that Defendant may file a pro se motion for compassionate release.

IT IS THEREFORE ORDERED that Defendant's request for appointment of counsel (Doc. 992) is DENIED without prejudice. Additionally, insofar as Defendant's letter additionally requests a transcript of his sentencing hearing in Case No. 08-10106-15, that request is also DENIED without prejudice, as Defendant has not shown that he needs a transcript in order to prepare a motion for compassionate release. IT IS SO ORDERED this 7th day of December, 2021.

s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE