**In the United States District Court
for the District of Kansas**

**United States of America**,
   *Plaintiff*,

v.                   Case No. 10-10172-JWB

**Vicente Rodriguez**,
   *Defendant*.

### Amended Unopposed Motion to Reduce Sentence
### Under 18 U.S.C. § 3582(c)(1)(A)

 Vicente Rodriguez seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The purpose of § 3582(c)(1)(A) is "to provide a 'safety valve' that allows for sentence reductions to any defendant when there is not a specific statute that already affords relief but 'extraordinary and compelling reasons' nevertheless justify a reduction." *United States v. McGee*, 992 F.3d 1036, 1046 (10th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020)). In the First Step Act, Congress amended § 3582(c)(1)(A) with the intent of increasing the use of compassionate release, and therefore increasing second chances. *See McGee*, 992 F.3d at 1042, 1046; *United States v. Maumau*, 993 F.3d 821, 824, 839 (10th Cir. 2021).

 On March 18, 2011, Vicente Rodriguez pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). The Court sentenced him to 229 months in prison followed by 5 years of

supervised release. Doc. 24. That sentence was reduced to 188 months pursuant to Amendment 782 on February 9, 2015. Doc. 50. Vicente's current projected release date is February 23, 2025.

**1. Vicente's family situation and rehabilitation present an extraordinary and compelling reason for a reduction.**

Vicente's family circumstances in combination with his extensive rehabilitation present extraordinary and compelling reasons warranting a reduction. On August 29, 2022, Vicente's daughter, Isabella Trevino, was removed from the home of her biological mother and placed in foster care. The Kansas Department of Children and Families suspected that Isabella and her siblings were victims of abuse. As of the filing of this motion, Isabella has not been returned to her home and there is still a pending case in the Juvenile Department of Sedgwick County District Court.

Isabella's father, Vicente Rodriguez, has served nearly 13 years in custody and completed over 80% of his sentence. During this time, he has proactively and consistently sought out ways to improve himself such that his dedication and professionalism in food service was lauded by Federal Bureau of Prison (BOP) employees. The conditions of his imprisonment have been harsher than anticipated because of the lockdowns caused by the COVID-19 pandemic. Vicente is 19 months shy of completing his sentence and 7 months shy of reentering the community. All of these circumstances together warrant a sentence reduction in this case.

Notwithstanding the government's previous opposition to Mr. Rodriguez's request for compassionate release (Doc. 57), the government is unopposed to Mr. Rodriguez's amended motion to reduce sentence.

**1.1 Vicente is Isabella's father.**

From the time he learned Isabella was conceived, Vicente Rodriguez has maintained his status as Isabella Trevino's father. The Kansas Department of Health and Environment recognizes him as the father on Isabella's birth certificate.[1]

3

The Federal Bureau of Prisons recognizes Isabella as Vicente's minor daughter on his visitor's list.[2]

```
TREVINO, ISABELLA                Inmate Visitor        MINOR DAUGHTER
                                 PHONE:                APPROVED:   04-20-2022 16:06 EDT
WICHITA KS 67218
UNITED STATES OF AMERICA
```

Most importantly, Isabella recognizes Vicente Rodriguez as her father.[3]



---

[1] Exhibit 1, Birth Certificate.
[2] *See* Exhibit 2, BOP Inmate Visitor List. Excerpt from Exhibit 2 is shown below.

**1.2 Mr. Rodriguez sufficiently exhausted administrative remedies.**

On August 24, 2022, Vicente submitted a request for compassionate release to Warden Brewer at FCI Herlong. Doc. 55-5. In the request he lists several reasons for compassionate release including "CC. Caretaker Responsibility: My 12-year-old daughter suffers from severe, ongoing seizures." *Id*. (emphasis added). Vicente avers that the preface "**Caretaker Responsibility**" put the warden on notice that Mr. Rodriguez's desire to care for his minor daughter was one of the bases for release. Although the detail about her removal from her mother's home was not included in the request, the overarching notice of caretaker responsibility provided a reasonable degree of overlap necessary to give BOP a fair opportunity to consider whether to make the motion on Mr. Rodriguez's behalf. *See United States v. Johnson*, --- F.Supp.3d ---, 2022 WL 2866722, at *4 (D.D.C. July 21, 2022) (noting that the exhaustion requirement should not be hyper-technical or that the requests to the warden and respective court need not be identical in detail, but that a reasonable degree of overlap is necessary to give the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf).

Furthermore, Mr. Rodriguez learned of his daughter's removal after submitting the request to the warden. Mr. Rodriguez attached a copy of the Application for Child in Need of Care Petition to his *pro se* filing. Doc. 55-1. According to that the petition, Isabella and her siblings were removed from their

---

[3] Exhibit 3, Letter from Isabella.

home on August 29, 2022—five days after Mr. Rodriguez made a request to the warden. The petition was filed on August 30, 2022. Given the urgency of this matter and Mr. Rodriguez's previous caretaker responsibility notice to the warden, submitting an updated request to the warden would cause unnecessary delay.

Thirty days elapsed before Vicente Rodriguez filed his *pro se* motion for compassionate release on November 28, 2022. 18 U.S.C. § 3582(c)(1)(A). He is therefore entitled to file this motion with the Court. *See United States v. Merriweather*, No. 02-40130-JAR-1, 2021 WL 3488407, at *2 (D. Kan. Aug. 9, 2021).

**1.3. Extraordinary and Compelling Circumstances Still Exist**

On August 29, 2022, Isabella Trevino and her siblings were removed from their home due to suspected child abuse. *Id*. Isabella was placed in the custody of the state because the abovementioned petition alleged that her and her siblings were "likely to sustain harm if not removed the home." *Id*. Since learning of her removal and receiving notice of the pending case in the Juvenile Department of Sedgwick County District Court, Vicente's sole priority has been getting home to care for his daughter.

Isabella recently transitioned from foster care to her maternal grandmother's residence.[4] Though this temporary transition is an improvement from foster

---

[4] *See* Exhibit 4, Journal Entry filed June 28, 2023, page 5, noting Isabella moved to a kinship home with her maternal grandmother after the last hearing.

6

care, it is not sustainable. Isabella's maternal grandmother is 64 years old. In addition to Isabella, she cares for a toddler six days a week, and it is difficult for her to get Isabella to and from appointments as needed.[5] At least one court in the District of Kansas has found this type of family circumstances to be extraordinary and compelling. *See United States v. Holguin-Gallegos*, No. 16-20016-03-DDC, 2021 WL 4552008 (D. Kan. Oct. 5, 2021). If released, Vicente Rodriguez would be able to provide long-term care for his daughter and ensure her needs are met.

**4. 18 U.S.C. § 3553(a) Analysis**

Vicente Rodriguez is an excellent candidate for a reduction in sentence. He has served approximately 153 months of a 188-month sentence.[6] Although his projected released date is February 23, 2025, he is set to reenter the community via halfway house on February 26, 2024—just seven months from the filing of this motion and a year in advance of his release date.[7]

This early reentry into the community comes as no surprise considering the extensive rehabilitation that Mr. Rodriguez has diligently worked towards for nearly 13 years. In his original filing, Mr. Rodriguez attached numerous certificates of completion for BOP programs as well as his extensive BOP Education Transcript. Doc. 55-3. His pursuit of rehabilitation and self-

---

[5] Counsel received this information from Elizabeth Trevino.
[6] *See* Exhibit 5, Sentence Computation.
[7] *See* Exhibit 6, Individualized Program Review, page 5 ("Inmate was individually assessed for extended RRC & Home Detention using the 2nd Chance Act criteria, a placement date of 02-26-2024 for RRC is recommended.").

7

improvement did not stop when he filed his *pro se* motion in November 2022. On June 9, 2023, Vicente Rodriguez was awarded a certificate for completing the Residential Drug Abuse Treatment Program (RDAP).



Mr. Rodriguez opted to do this program notwithstanding the fact that a previous conviction disqualifies him from getting any time off for completion of RDAP.

Likewise, Mr. Rodriguez included a host of support and recommendation letters from people in the community and within BOP in his *pro se* motion. Doc. 55-4. Notably, in a letter dated May 4, 2022, Vicente's Cook Supervisor praises his leadership, attitude, and integrity. Doc. 55-4, p. 3.

```
F. Marquez
Cook Supervisor
Federal Bureau of Prisons
33500 W. California Ave
Mendota, CA 93640

RE: Rodriquez, Vincente
    Reg. No. 20246-031

To whom it my concern,

Mr. Rodriquez is currently our Vocational Training/Culinary Arts
cook here at FCI Mendota, Food Service Department. He informed me
about his upcoming RDAP class. On his behalf, I am writing this letter
of recommendation and am doing so with much enthusiasm. For the last
4 years, Mr. Rodriquez has performed exceptional under my supervision
in the Food Service Kitchen. He has been a model worker who has the
responsibility to train others in regard to food service handler and
safety procedures, which is vital to our daily operations.

Mr. Rodriquez has been an indispensable part of our team in Food
Service during a short-handed performance-critical period. We faced
a critical deadline daily to serve the needs of the institution. Mr.
Rodriquez brings integrity, a positive and proactive attitude daily.
He has the ability to be a leader in every position he is placed.
He is an excellent communicator, problem solver and delegator.

Given his willingness to be a quick learner, attention to detail,
and exemplary work ethic, I have no doubt that Mr. Rodriquez will
be an invaluable contributor in any position and community he is
placed.

Sincerely,
```

```
F. Marquez,
Cook Supervisor
```

In a letter dated May 11, 2022, Mr. Rodriguez's Vocational Training Instructor, M. Andreas, describes Rodriguez's "reputation among staff members for performing excellent work," his willingness to volunteer to help correctional staff with COVID duties, and his completion of a nine-month culinary training program. Doc. 55-4 at 2. Mr. Andreas had this to say about Mr. Rodriguez's professionalism and work ethic during the pandemic:

> His experience working with our Food Service Department quickly became an asset to our Culinary Arts program. He developed technical skills in Cooking and Baking that allowed him to perform outstanding work for the Culinary Arts Program. More specifically, his professionalism, and skill with meal preparation in the Staff Dining Area has drastically improved morale during the COVID-19 pandemic. I would strongly recommend him for challenging positions that can utilize the skills he has developed through gainful employment and programming. *Id.*

This letter is a remarkable testament to the person Vicente Rodriguez has become. Vicente Rodriguez served a portion of his sentence during the COVID-19 pandemic, which created conditions far harsher than the court could have anticipated at sentencing. *See, e.g., United States v. Spano*, 476 F.3d 476, 479 (7th Cir. 2007) (finding merit to the argument that "the harsher the conditions the shorter the sentence should be"). Courts reviewing motions for sentence reductions have considered the extent to which onerous lockdowns and restrictions imposed by correctional facilities attempting to control the spread of the virus have made sentences "harsher and more punitive than would otherwise have been the case." *United States v. Rodriguez*, No. 00 Cr. 761-2 (JSR), 2020 WL 5810161, at *3 (S.D.N.Y. Sept. 30, 2020); *see United States v. Romero,* 2021 WL 1518622, *4 (S.D.N.Y. Apr. 16, 2021) (noting the court "has repeatedly recognized that a day spent in prison custody in exceptionally arduous conditions is properly viewed as equivalent to more than a day in

10

ordinary custody"); *United States v. Olawoye,* No. 1:15-CR-00172-AA-5, 2020 WL 4559816, at *5 (D. Or. Aug. 7, 2020) ("The sentence defendant has served has undoubtedly been harsher than the one originally contemplated at the time of sentencing."). Despite the havoc COVID-19 wreaked on BOP, Vicente was recognized for his willingness to help and ability boost morale at time when the conditions of confinement were universally more difficult for him and the rest of the BOP inmate population.

## Conclusion

Vicente Rodriguez's family circumstances in conjunction with his noteworthy rehabilitation efforts, work performance, and minimal time left on his sentence make him a good candidate for compassionate release. Vicente prays the Court will grant this request and allow him to get home to his daughter as soon as possible.

Respectfully submitted,

s/ Laquisha Ross
Laquisha Ross, #26834
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Phone: (913) 551-6712
Fax: (913) 551-6562
Email: laquisha_ross@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic notice to all interested parties.

s/ Laquisha Ross<br>
Laquisha Ross, #26834